UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORMA J. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-186 (CEJ) |
| | ) |
| TRANSAMERICA LIFE INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand. Defendant has filed a response in opposition, and the issues are fully briefed.

I. Background

Plaintiff Norma Harris brought this action in the Circuit Court of the County of St. Louis, Missouri against defendant TransAmerica Life Insurance Company for breach of contract. Plaintiff claims to be the named beneficiary of a life insurance policy issued by defendant, and alleges that defendant failed to pay her the proceeds of that policy. She demands $58,000 in actual damages, and $5,950 in statutory damages under Missouri's vexatious refusal statute, Mo. Rev. Stat. § 375.420. She also requests punitive damages and reasonable attorney's fees.

Defendant timely removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff now moves to remand, contending this Court lacks jurisdiction. The parties do not dispute that they are of diverse citizenship. At issue is whether the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs.

II. Legal Standard

The party seeking removal has the burden to establish federal subject-matter jurisdiction, including the requisite amount in controversy. Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009); Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). "Where… the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party… must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." In re Minn. Mut. Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." Green v. Dial Corp., No. 4:11-CV-1635 (AGF), 2011 WL 5335412, at *1 (E.D. Mo. Nov. 4, 2011) (citing Bell, 557 F.3d at 956).

All doubts about federal jurisdiction must be resolved in favor of remand. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993). In the event that the federal court determines that it lacks subject-matter jurisdiction over a removed action, it must remand the action to the state court where it originated. 28 U.S.C. § 1447(c).

III. Discussion

Plaintiff seeks $58,000 in actual damages and $5,950 in statutory penalties under Mo. Rev. Stat. § 375.420, for a total of $63,950. Statutory attorney's fees and punitive damages are to be included in the calculation of the amount in controversy. Capitol Indem. Corp. v. Miles, 978 F.2d 437, 438 (8th Cir. 1992) (attorney's fees); Allison v. Security Benefit Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir. 1992) (punitive damages). Therefore, in order to show the amount in controversy requirement is

satisfied, defendant must prove by a preponderance of the evidence that plaintiff could be awarded attorney's fees and punitive damages greater than $11,050. To meet this burden, defendant must present "some specific facts or evidence." Abernathy v. Bank of America, N.A., No. 4:09-CV-134 (HEA), 2009 WL 702785, at *2 (E.D. Mo. Mar. 16, 2009) (citing Hill v. Ford Motor Co., 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004)). That evidence may include citations to similar cases in which punitive damages and attorney's fees were awarded. Id.

Defendant has pointed to several cases in which awards of attorney's fees under the Missouri vexatious refusal statute exceeded $15,000. See Tate v. Golden Rule Ins. Co., 859 S.W.2d 831, 835 (Mo. Ct. App. 1993) (affirming award of attorney's fees under Missouri vexatious refusal statute in amount of $20,915.00 where claim of actual damages was $5,035.69); Dyhne v. State Farm Fire & Cas. Co., 188 S.W.3d 454 (Mo. 2006) (*en banc*) (award of attorney's fees under Missouri vexatious refusal statute in the amount of $18,089.57 where claim of actual damages was $5,150). This case involves a significantly larger amount of damages than in the cited cases, and it is unlikely that an award of reasonable attorney's fees here would fall below the amounts in those cases.

Moreover, in calculating the amount in controversy requirement, it is reasonable to estimate attorney's fees based on a 25% contingency fee. See Peng Vang v. Mid-Century Ins. Co., No. 12-CV-1309-DGK, 2013 WL 626985, at *2 (W.D. Mo. Feb. 20, 2013) (denying motion to remand breach of contract and vexatious refusal case in which plaintiff demanded $63,400 in damages and statutory penalties, because reasonable attorney's fees were likely to be more than $11,601). An award of $11,050 is only about seventeen percent of plaintiff's actual and statutory damages.

The Court concludes that defendant has proved by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff has offered no evidence to establish, to a legal certainty, that her claim falls short of that amount.[1]

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. #11] is **denied.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2014.

---

[1] Plaintiff's prayer for relief in her state court petition asks for judgment in "an amount in excess of Twenty Five Thousand Dollars ($25,000.00) and less than Seventy Five Thousand Dollars ($75,000.00), compensatory damages, punitive damages, interest, reasonable attorney's fees, costs, and for such further relief as the Court deems just and appropriate." [Doc. #3].

While a plaintiff may avoid removal by limiting her claim to $75,000, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 258 (1938), the Court does not believe plaintiff has done so in this case. The ambiguous phrasing of plaintiff's prayer for relief, in conjunction with her failure to adequately brief this issue, suggests that plaintiff has no intention of limiting her recovery to $75,000. Moreover, federal courts in Missouri have expressed concern that state rules enable plaintiffs to claim $75,000 or less in their petitions, while actually seeking and obtaining damages in excess of that amount. See Hollenbeck v. Outboard Marine Corp., 201 F.Supp.2d 990, 993 (E.D. Mo. 2001). Plaintiff's prayer for relief does not establish that her claim falls short of the amount in controversy requirement.