UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NORMA J. HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14-CV-186 (CEJ) |
| | ) | |
| TRANSAMERICA LIFE INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss plaintiff's complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has responded in opposition, and the issues are fully briefed.

### I. Background

Plaintiff Norma Harris brings this action against defendant TransAmerica Life Insurance Company for breach of contract. Plaintiff claims that she was the named beneficiary of a life insurance policy in the amount of $58,000 issued by defendant to insure the life of her then-husband, Mack G. Hammond. When Mr. Hammond died, defendant failed to pay plaintiff the proceeds of the policy. She seeks to recover the amount of the policy in addition to statutory and punitive damages, and attorney's fees.

### II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to

raise a right to relief above the speculative level." Id. at 555. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Id. at 556. When considering a Rule 12(b)(6) motion to dismiss, the Court generally does not consider matters outside the pleadings. However, the Court may consider materials attached to the complaint as exhibits, materials "embraced by the pleadings," and materials that are part of the public record. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir.1999).

### III. Discussion

Defendant first argued that, because plaintiff was divorced from Mr. Hammond at the time of his death, plaintiff's status as a beneficiary was revoked pursuant to Mo. Rev. Stat. §461.051.[1] However, after plaintiff pointed out that Mo. Rev. Stat. § 461.073 narrowed the application of § 461.051 to exclude life insurance policies,[2] defendant conceded this point and adopted a new argument.

Defendant now argues that the express terms of the divorce settlement agreement between plaintiff and Mr. Hammond revoked plaintiff's status as beneficiary. The divorce settlement agreement was incorporated into the decree of dissolution entered by the family court. Defendant attached a certified copy of the agreement to its memorandum in support of its motion to dismiss. The agreement provides:

---

[1] Section 461.051 provides: "If, after an owner makes a beneficiary designation, the owner's marriage is dissolved or annulled, any provision of the beneficiary designation in favor of the owner's former spouse or a relative of the owner's former spouse is revoked on the date the marriage is dissolved or annulled…"

[2] Section 461.073 states, in relevant part: "Section[]… 461.051… do[es] not apply to property, money or benefits paid or transferred at death pursuant to a life or accidental death insurance policy… unless the provisions of [461.051] are incorporated into the insurance policy or the beneficiary designation in whole or in part by express reference." Mo. Rev. Stat. § 461.073(6).

> In the event either party has life insurance which pays upon the insured's death to the other spouse certain benefits, it is agreed that the beneficiary of said policy shall give up or renounce said benefits so that said insurance benefits shall be paid to the alternate beneficiary or if no alternate beneficiary is named, then the proceeds of said life insurance policy shall be paid to the deceased party's estate.

[Doc. #8-2].  Defendant argues that this language removed plaintiff as beneficiary, and because no alternate beneficiary was named, the proceeds of the policy should be paid to Mr. Hammond's estate.

Plaintiff was granted leave to file a sur-reply, in which she argued that the Court cannot consider the divorce settlement agreement in the context of this motion to dismiss under Fed.R.Civ.P. 12(b)(6), as that document was neither attached to, nor referenced by, the complaint.  However, the decree of dissolution and settlement agreement are public records of which the Court may take judicial notice.  Accordingly, the Court can consider those documents without converting the instant motion into a motion for summary judgment pursuant to Fed.R.Civ.P. 12(d).  See Porous Media Corp., 186 F.3d at 1079.  Plaintiff does not contest the validity or application of the divorce settlement agreement.  That document establishes that plaintiff renounced her status as a beneficiary of the life insurance policy at issue.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) [Doc. #7] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2014.